**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 9, 2005[*]
Decided June 10, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05–1443

SHANE KERVIN,
 *Plaintiff-Appellant*,

  *v.*

SEAN BARNES,
 *Defendant-Appellee.*

Appeal from the United States
District Court for the Northern
District of Indiana, Hammond Division

No. 4:03–CV–70

Allen Sharp,
*Judge.*

**O R D E R**

Indiana prisoner Shane Kervin brought this lawsuit under 42 U.S.C. § 1983 claiming that guard Sean Barnes violated his constitutional rights by using pepper spray against him for refusing to enter his cell, and then maliciously locking him in a small holding cell without permitting him to wash his face.  The district court dismissed Kervin's claim regarding the initial use of pepper spray at the 28 U.S.C. § 1915A screening stage, and later granted summary judgment on his claim that he was locked up solely to prolong his suffering.  Kervin appeals, challenging the grant of summary judgment, and we affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and on the record.  *See* Fed. R. App. P. 34(a)(2).

Kervin was moved from his cell while guards collected his belongings to investigate whether he was hoarding fruit juice to make hooch (homemade liquor). On the way back to his cell he insisted on watching while his property was searched and refused to budge when this request was denied. Barnes repeatedly ordered Kervin to return to his cell and warned him several times that failure to comply would force him to use pepper spray, but Kervin refused, threatening to sue Barnes if he used force. Barnes sprayed Kervin in the face with a one-second burst of pepper spray and then attempted to handcuff him. When Kervin resisted, Barnes and other guards secured the handcuffs and forced him into the holding cell—a converted phone booth—where he could settle down while they observed him for any serious reaction to the pepper spray. Kervin kicked the cell door repeatedly and yelled that he could not breathe. Five to ten minutes later he was released and allowed to wash his face.

On appeal Kervin contends that summary judgment was improper. He challenges the district court's conclusion that he could only show that Barnes used excessive force by submitting evidence that he complied with the guards' directions after he was sprayed. Kervin argues that the evidence does show that he cooperated when Barnes handcuffed him, proving that the decision to lock him in the holding cell was a wanton attempt to extend the painful effects of the pepper spray rather than a legitimate effort to restore order.

To reach a jury on his excessive force claim, Kervin must show that the decision to detain him was taken not as a good faith effort to restore discipline, but as a malicious and sadistic attempt to inflict suffering. *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *Ort v. White*, 813 F.2d 318, 321–23 (11th Cir. 1987). This court has held that prison guards may use chemical sprays when reasonably necessary to subdue recalcitrant prisoners, for orders must be obeyed, and there are only so many choices available to correctional officers when inmates refuse. *Soto v. Dickey*, 744 F.2d 1260, 1267, 1270 (7th Cir. 1984); *Stringer v. Rowe*, 616 F.2d 993, 998 (7th Cir. 1980). While detaining an inmate for eight hours after using chemical agents without allowing him to wash his face amounts to the wanton infliction of pain and suffering, *Williams v. Benjamin*, 77 F.3d 756, 764–65 (4th Cir. 1996), holding the inmate until the disturbance has clearly ended does not, *id.* at 764, nor does waiting 10 to 20 minutes before letting him wash off the spray, *Jones v. Shields*, 207 F.3d 491, 493, 496 (8th Cir. 2000).

The district court reached the correct result. Kervin did not rebut Barnes's affidavits that he resisted the guards after being sprayed; his one-page affidavit nowhere denies the struggle. In his memorandum opposing summary judgment Kervin generally denied resisting the guards, but these bald denials are not sworn and therefore are not evidence. *See Liu v. T & H Machine, Inc.*, 191 F.3d 790, 796–97 (7th Cir. 1999). A jury could conclude only that Barnes was attempting to

force Kervin to comply with his order, not inflicting gratuitous pain. Kervin also contends that by confining him to the holding cell Barnes violated jail guidelines on the use of pepper spray, but this argument fails as well. Neglecting prison rules does not amount to a *per se* constitutional violation, and moreover Barnes did comply with the rule, which states that the "subject should be removed from the immediate contaminated area, *as soon as tactically possible*, and allowed to use cool water to rinse" the chemicals from his face and eyes (emphasis added). Kervin had to wait five to ten minutes before he could wash his face because the guards determined from his resistance to being handcuffed that he had not yet been brought under control.

Kervin also argues that the district court erred by refusing to appoint him counsel. We find no abuse of discretion. Kervin's case involves straightforward facts to which he bore witness and no complicated legal issues. *See Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000). He adequately presented his claims and arguments in the pleadings, surviving screening under 28 U.S.C. § 1915A and successfully conducting several discovery requests for documents and admissions. We cannot say that it was impossible for him to obtain justice without an attorney.

AFFIRMED.